UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**PHIVE STARR PROPERTIES, L.P., and AOYS INVESTMENTS, LLC,**

  **Plaintiffs,**

v.

**FARMERS' ETHANOL LLC,** *et al.***,**

  **Defendants.**

**Case No. 2:23-cv-03856**
**Judge Sarah D. Morrison**
**Magistrate Judge Chelsey M. Vascura**

## OPINION AND ORDER

This matter is before the Court on Plaintiffs' Motion to Remand. (ECF No. 11.) Defendant Farmers' Ethanol LLC filed a Brief in Opposition (ECF No. 29), and Plaintiffs filed a Reply (ECF No. 32). For the reasons set forth below, the Motion to Remand is **GRANTED**.

## I. BACKGROUND

This case concerns ownership of certain oil and gas property interests located in Harrison County, Ohio, pursuant to the Ohio Dormant Mineral Act ("ODMA"). (Compl., ECF No. 3, ¶¶ 12, 32.)[1] Farmers, which owned the surface of the property,

---

[1] Plaintiffs filed an Amended Complaint on January 26, 2024 (ECF No. 35). Because "[t]he existence of subject matter jurisdiction is determined by examining the complaint as it existed at the time of removal," *Harper v. AutoAlliance Int'l., Inc.*, 392 F.3d 195, 210 (6th Cir. 2004), and because the amendment does not affect the outcome of the instant motion, the Court cites herein to the original Complaint (ECF No. 3).

took actions to declare the oil and gas interests abandoned under the ODMA before conveying its claimed interest in the property to the other Defendants in this action. (*Id.* ¶¶ 15–18.) Plaintiffs asserted that Farmers failed to comply with the ODMA's mandatory notice provisions relating to abandonment of property interests. (*Id.* ¶¶ 26, 35.) The parties engaged in unsuccessful negotiations toward settlement, after which Plaintiffs filed their state court action. (Br. Opp'n, ECF No. 29, PAGEID # 453.)

Plaintiffs issued and mailed service waivers to all Defendants, including Farmers, pursuant to Rule 4 of the Ohio Rules of Civil Procedure. (Mot. Remand, ECF No. 11, PAGEID # 168.) Farmers did not waive service, and three weeks after the deadline to do so passed, Plaintiffs began arranging for personal service on Farmers. (*Id.*, PAGEID # 168–69; Br. Opp'n, PAGEID # 453–54.) On November 17, 2023, before Plaintiffs' service arrangements were finalized, Farmers filed its Notice of Removal. (Not. Removal, ECF No. 1, *generally*; Mot. Remand, PAGEID # 169.) When the sheriff attempted to serve Farmers ten days later, Farmers refused service. (Mot. Remand, PAGEID # 169.) Farmers subsequently offered to accept service, but Plaintiffs declined. (*Id.*) Plaintiffs perfected service as to Farmers by way of a process server on December 20, 2023. (Reply, ECF No. 32, PAGEID # 780.)

There is no dispute that none of the Defendants, including Farmers, had been properly served at the time of removal.

## II. STANDARD OF REVIEW

"Federal courts are courts of limited jurisdiction." *Freeland v. Liberty Mut. Fire Ins. Co.*, 632 F.3d 250, 255 (6th Cir. 2011) (quoting *Kokkonen v. Guardian Life*

2

*Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). "[D]istrict courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between ... citizens of different States." 28 U.S.C. § 1332(a).

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). A defendant who removes a case to federal court carries the burden of establishing federal jurisdiction. *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921); *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871–72 (6th Cir. 2000). "[F]ederal courts must construe the removal statutes strictly, resolving all doubts in favor of remand." *Kim v. Lee*, No. 1:21-CV-613, 2021 WL 5494326, at *1 (S.D. Ohio Nov. 23, 2021) (Cole, J.) (citing *Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 534 (6th Cir. 1999)).

### III. ANALYSIS

The parties do not dispute that they are diverse in citizenship and that the amount in controversy is believed to exceed $75,000. (Compl. ¶¶ 1–10; Not. Removal ¶¶ 4–16.) Instead, Plaintiffs submit that remand is necessary because Farmers, an Ohio citizen, qualifies as a forum defendant under 28 U.S.C. § 1441(b)(2) and seeks to remove this action prior to being properly served, a practice known as "snap removal" that Plaintiffs contend is disallowed. (Mot. Remand, PAGEID # 170–71.) In response, Farmers argues that snap removal is proper and suggests that

3

Plaintiffs "may have fraudulently joined" Farmers to prevent removal. (Br. Opp'n, PAGEID # 457, 459.) For these reasons, Farmers argues, the Court should deny Plaintiffs' motion to remand, or, alternatively, "set a preliminary schedule for discovery and further briefing" on the fraudulent joinder issue before granting remand. (*Id.*, PAGEID # 459.)

Removal based on diversity jurisdiction is limited by the "forum defendant rule," under which "[a] civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). Here, Farmers does not challenge its forum-defendant status. (*See* Not. Removal ¶ 6; Farmers' Citizenship Discl., ECF No. 7, PAGEID # 160.) Rather, Farmers refers to the plain text of the statute to argue that a defendant may remove an action so long as the forum defendant (in this case, itself) has not been "properly joined and served" at the time of removal. (Br. Opp'n, PAGEID # 454–55.) Farmers concludes that because Plaintiffs had not properly joined and served Farmers prior to the filing of its Notice of Removal, a basic reading of § 1441(b) permits snap removal. (*Id.*)

Plaintiffs maintain that snap removals enable defendants to engage in gamesmanship by circumventing the forum defendant rule and defeat the policy underlying the rule. (Mot. Remand, PAGEID # 171.) They cite to cases from this Court and other District Courts within the Sixth Circuit that reject snap removals on policy or other grounds after reviewing the language in the statute. (*Id.*; Reply,

4

PAGEID # 782.) Farmers answers by encouraging the Court to rebuff "the flawed reasoning" of these cases in favor of the "thorough and better-reasoned analysis performed by the Second, Third, and Fifth Circuit Courts of Appeals." (Br. Opp'n, PAGEID # 458.) Farmers also points to a case from the Sixth Circuit "signal[ing] … its approval of removal before service despite the presence of a forum defendant." (*Id.*, PAGEID # 456 (citing *McCall v. Scott*, 239 F.3d 808, 813 n.2 (6th Cir. 2001)).)

The Court sees no reason to alter its prior conclusion that snap removals are inappropriate.[2] The Sixth Circuit itself has yet to decide the issue—as Farmers concedes, the footnote in the only pertinent case, *McCall*, has consistently been dismissed as dicta. (Br. Opp'n, PAGEID # 456 ("[T]he Sixth Circuit Court of Appeals also signaled, **in *dicta*** ….") (emphasis added)); *see also Grimm Sci. Indus*, 2022 WL 16569213, at *4 (citing cases).

Finally, Farmers urges the Court to deny remand on the theory that "Plaintiffs may have fraudulently joined Farmers to prevent removal to this Court, and intend to dismiss Farmers after removal is no longer available to any Defendant." (Br. Opp'n, PAGEID # 459.) "[F]raudulent joinder of non-diverse defendants will not defeat removal on diversity grounds." *Coyne v. Am. Tobacco Co.*,

---

[2] *See, e.g., Grimm Sci. Indus., Inc. v. Foam Supplies, Inc.*, No. 2:22-CV-1477, 2022 WL 16569213, at *5–6 (S.D. Ohio Nov. 1, 2022) (Sargus, J.) (rejecting snap removals); *Allied P&C Ins. Co. v. Dowler*, No. 1:21-CV-00119, 2021 WL 4226227, at *3 (S.D. Ohio July 27, 2021) (Barrett, J.) (same); *Champion Chrysler Plymouth v. Dimension Serv. Corp.*, No. 2:17-cv-130, 2017 WL 726943, at *6 (S.D. Ohio Feb. 24, 2017) (Kemp, M.J.), *report and recommendation adopted sub nom. Champion Chrysler Plymouth v. Dimension Serv. Corp.*, No. 2:17-CV-130, 2017 WL 1276727 (S.D. Ohio Apr. 6, 2017) (Smith, J.) (same).

183 F.3d 488, 493 (6th Cir. 1999), *abrogated on other grounds by Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576 (2008). Fraudulent joinder permits removal of a case if the removing party shows that "the non-removing party join[ed] a party against whom there is no colorable cause of action." *Saginaw Hous. Comm'n v. Bannum, Inc.*, 576 F.3d 620, 624 (6th Cir. 2009) (citation omitted). Put differently, the test for fraudulent joinder "is whether there is arguably a reasonable basis for predicting that the state law might impose liability on the facts involved." *Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir. 1994) (citation omitted).

Farmers has waived its argument regarding fraudulent joinder. "A party waives its fraudulent joinder argument if the party fails to raise the issue in the notice of removal or within thirty days of service of process." *Conley v. Adamo Grp., Inc.*, No. 1:22-CV-00022, 2022 WL 1637560, at *3 (S.D. Ohio May 24, 2022) (Barrett, J.); *see also Total Quality Logistics, LLC v. Traffic Tech., Inc.*, No. 1:22-CV-304, 2022 WL 2948945, at *5 (S.D. Ohio July 26, 2022) (Dlott, J.) (citing *Hahn v. Rauch*, 602 F. Supp. 2d 895, 909 (N.D. Ohio 2008)). In this case, Farmers did not argue fraudulent joinder in its Notice of Removal, did not amend its Notice of Removal within 30 days of service of process, and has not moved to request leave to amend its Notice of Removal. Instead, Farmers raises its fraudulent joinder argument in its response to Plaintiffs' Motion to Remand. *Compare* (Not. Removal, *generally*) *with* (Br. Opp'n, *generally*). Farmers has thus waived its right to argue fraudulent joinder as a ground against remand. *See Conley*, 2022 WL 1637560, at *3

6

("Fraudulent joinder is a substantive basis for removal, and must be stated on the notice of removal.") (internal quotations and citation omitted).

## IV. CONCLUSION

For the reasons stated herein, Plaintiffs' Motion to Remand (ECF No. 11) is **GRANTED**. The Clerk is **ORDERED** to **REMAND** this case to the court from which it was removed (the Court of Common Pleas for Harrison County, Ohio).

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON**
**UNITED STATES DISTRICT JUDGE**